**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5101**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROSCOE P. MILLER,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:09-cr-00785-HMH-5)

Submitted: April 20, 2012        Decided: April 25, 2012

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. William N. Nettles, United States Attorney, William J. Watkins, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roscoe P. Miller appeals his twenty-four-month sentence for violation of his supervised release. Miller argues that his revocation sentence is plainly unreasonable because the district court failed to explain the basis for the sentence it selected. For the reasons that follow, we affirm.

After pleading guilty to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006), Miller was sentenced on January 19, 2010 to fifteen months in prison, to be followed by a thirty-six-month term of supervised release. Miller's supervised release commenced on July 1, 2010. Miller absconded from supervision shortly thereafter, and a warrant was issued for his arrest. The warrant was not executed, however, until August 26, 2011, over a year after its issuance. On August 30, 2011, Miller's probation officer petitioned the court to revoke supervised release.

The district court relied on Miller's admission to find that Miller had violated the terms of his supervised release. The court next detailed the relevant sentencing calculations, including the policy statement range of five to eleven months' imprisonment, and the statutory maximum sentence

2

of twenty-four months.[1]  The court then heard argument from counsel and allowed Miller to allocute.

Counsel for Miller noted several facts relevant to his request for leniency, but did not argue in favor of a specific sentence below (or within) the advisory policy statement range. In his statement, Miller offered that he had stopped using drugs, had recently become a father, and that he was en route to report to his probation officer at the time of his arrest. After expressing incredulity as to the latter contention, the court summarily imposed the twenty-four-month sentence.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).  Thus, we will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and not plainly unreasonable.  United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006).  In doing so, the court "follow[s]

---

[1]  Miller's absconding from supervision was a Grade C violation.  See U.S. Sentencing Guidelines Manual ("USSG") § 7B1.1(a)(3)(B), p.s. (2009).  This, coupled with Miller's placement in Criminal History Category III, resulted in an advisory policy statement range of five to eleven months' imprisonment.  USSG § 7B1.4(a), p.s.  Because Miller's underlying offense conduct was a Class D felony, the statutory maximum sentence for Miller's supervised release violation was twenty-four months.  See 18 U.S.C. § 3583(e)(3) (2006).

3

generally the procedural and substantive considerations" used in reviewing original sentences.  Id. at 438.

A revocation sentence is procedurally reasonable if the district court has considered the policy statements contained in Chapter Seven of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2006) factors, id. at 440, and has adequately explained the sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence.  Thompson, 595 F.3d at 547.  A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum.  Crudup, 461 F.3d at 440.  If, after considering the above, the appeals court decides that the sentence is not unreasonable, it should affirm.  Id. at 439.  Only if the court finds the sentence unreasonable must the court decide "whether it is 'plainly' so."  United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

Miller did not request a specific sentence, either within or outside the policy statement range.  Therefore, his challenge to the adequacy of the explanation for his revocation sentence is reviewed for plain error.  United States v. Lynn,

4

592 F.3d 572, 577-79 (4th Cir. 2010);[2] see United States v. Williams, 401 F. App'x 776, 778 (4th Cir. 2010) (unpublished after argument) (reviewing for plain error unpreserved objection to supervised release revocation sentence).  To establish plain error, Miller must show that an error occurred, that the error was plain, and that the error affected his substantial rights. United States v. Aidoo, 670 F.3d 600, 611 (4th Cir. 2012).

Assuming, arguendo, that the district court's explanation was inadequate, Miller fails to argue, and nothing in the record indicates, that the court would have imposed a lighter sentence had it provided a more thorough explanation. Accordingly, we conclude Miller's challenge to his revocation sentence cannot withstand plain error review, as he cannot establish that any error by the district court affected his substantial rights.  See United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (explaining that, to demonstrate that a sentencing error affected the defendant's substantial rights, "the defendant must show that he would have received a lower sentence had the error not occurred").  We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented

---

[2] We conclude that counsel's bald and unsupported request for leniency is insufficient, under Lynn, to preserve the issue for harmless error review.

in the materials before the court and argument would not aid the decisional process.

AFFIRMED